60 F.3d 823
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Li Zhi GUAN, Petitioner-Appellant,
v.
William J. CARROLL, in his official capacity as the District
Director of the United States Immigration and Naturalization
Service, Washington District; Anthony Moscato, Director of
the Executive Office of Immigration Review; Mary Maguire
Dunne, Acting Chairman of the Board of Immigration Appeals,
Respondents-Appellees.
 No. 94-1759.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 31, 1995.
Decided: July 7, 1995.
 
 Hank Hockeimer, Evan Anne O'Neill, STEPTOE & JOHNSON, Washington, DC, for Appellant. Frank W. Hunger, Assistant Attorney General, Lauri Steven Filppu, David M. McConnell, Kristin A. Cabral, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, DC, for Appellees.
 Before HAMILTON and MOTZ, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Li Zhi Guan ("Li") appeals the district court's denial of his habeas corpus petition seeking judicial review of the Board of Immigration Appeals' ("the Board") decision to deny asylum and the withholding of deportation.
 
 
 2
 Li, a native and citizen of the People's Republic of China ("PRC"), was aboard a ship which ran aground off a New York harbor in June 1993. The Immigration and Naturalization Service ("INS") charged Li with attempting to enter the United States without valid entry documents in violation of the Immigration and Nationality Act ("Act"), as amended, 8 U.S.C. Secs. 1182(a)(7)(A)(i)(I), 1182(a)(7)(B)(i)(I) & (II). Because Li was rescued before he reached the shore, the INS instituted exclusion proceedings against him. Although Li admitted to the charges of excludability, he requested asylum based on his fear of persecution if he were to return to the PRC.
 
 
 3
 Li presented the following facts to the Immigration Judge ("IJ") in support of his application for asylum. Li's wife gave birth to their first child, a daughter, in 1987, after eight years of marriage. Four years later, in June 1991, Li's second child, a son, was born. In August 1991, four family planning officials came to Li's home, while he, his wife, and their children were present. One official entered the home and served the family with a notice that Li's wife had to undergo sterilization because the birth of their second child violated the PRC's "one couple-one child" family planning policy. Li and his wife opposed this policy and refused the procedure. They attempted to explain that Li's wife's health could not withstand the sterilization procedure. The officials sought Li's sterilization if Li's wife could not undergo the procedure.
 
 
 4
 One of the officials reportedly pushed Li's wife, causing her to fall to the ground and strike her head, resulting in some bleeding. A physical confrontation between Li and the official ensued. The official called for the assistance of the others waiting outside, yet Li managed to elude them all and hide in neighboring villages for approximately a year and a half. Li testified that "they" found out where he was hiding, so he escaped aboard a ship bound for the United States. Li feared that if he returned to PRC, he would face prosecution for refusing to be sterilized and for attacking a government official. Although the IJ did not view Li's story as credible, the IJ applied Matter of Chang, Interim Decision 3107 (BIA 1989), and denied Li's applications for political asylum and withholding of deportation. Additionally, because Li admitted the charges of excludability, the IJ ordered Li to be excluded and deported from the United States.
 
 
 5
 The Board deferred to the IJ's credibility determinations, and further ruled that with Matter of Chang as binding precedent, the facts alleged did not establish that Li had been persecuted, or had a well-founded fear of future persecution based on race, religion, nationality, membership in a particular social group, or political opinion. The Board noted that Li's fear of prosecution for fighting with an official did not establish a valid asylum claim. In dismissing Li's appeal, the Board concluded that its interpretation of the law in Matter of Chang was both legally correct and consistent with INS v. Elias-Zacarias, 502 U.S. 478 (1992). The district court acknowledged that Matter of Chang had not been overruled either by Congress or by the Attorney General and, accordingly was still the Board's controlling precedent. The court ruled that Li's disagreement with the PRC's family planning policy did not amount to a "political opinion," and denied his petition for habeas relief.
 
 
 6
 The question before us is whether Li's opposition to his country's forced sterilization policies constitutes a political opinion justifying the granting of asylum and withholding of deportation. We recently decided Chen Zhou Chai v. Carroll, 48 F.3d 1331 (4th Cir.1995), which is depositive in the present appeal.
 
 
 7
 In Chen, the IJ, basing his decision on Matter of Chang, found that the "PRC's actions against [the appellant], including the forced sterilization, resulted from [the appellant's] noncompliance with the PRC's birth control policy and not from any political dissidence." Id. at 1335. We upheld the Board's denial of the appellant's asylum petition and affirmed the district court's denial of habeas relief. Id. at 1343. Affording deference to the Board's interpretation of the asylum statute in Matter of Chang, we recognized that the Board has consistently applied Matter of Chang to claims for asylum based on the PRC's coercive population control practices. Id. at 1342.
 
 
 8
 Matter of Chang requires an alien seeking asylum based upon coercive population control practices of the PRC to produce evidence that the feared governmental action actually arises because of the alien's political opinions or some other reason protected by the Act. Matter of Chang, Int. Dec. 3107 at 10-11. The implementation of the PRC's population control policy, even to the extent that involuntary sterilizations may occur, does not in itself constitute persecution or create a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. Id. If the PRC's actions against the asylum applicant were merely to enforce its population control policy, then the asylum claim must fail. Id. In order to establish entitlement to asylum, the applicant must demonstrate that any action taken by the PRC against him "arises for a reason other than general population control." Id.
 
 
 9
 We review de novo both the district court's denial of Li's petition for a writ of habeas corpus and the conclusion of the Board that Li failed to meet asylum eligibility. Chen, 48 F.3d at 1338; Sotelo-Aquije v. Slattery, 17 F.3d 33, 35 (2d Cir.1994). However, the Board's factual findings may not be reversed unless the evidence not only supports a contrary conclusion, but compels it. INS v. Elias-Zacarias, 502 U.S. at 481; Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir.1992). To obtain judicial reversal of the Board's determination of ineligibility for asylum Li "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84. He has failed to do so.
 
 
 10
 The evidence shows that Li and his wife violated the PRC's "one couple-one child" policy by having a second child. They further opposed this policy by refusing to submit to the government's sterilization orders. The government's actions were in direct response to these family planning policy violations. Additionally, Li testified before the IJ that he feared returning to the PRC because he felt he would be imprisoned for refusing to be sterilized and for attacking an official.
 
 
 11
 Li did not prove, nor does the record disclose, that the "PRC selectively enforced its population control policy against [him] because of his ... race, religion, nationality, membership in a particular social group, or political opinion." Chen, 48 F.3d at 1336 (citing Matter of Chang, Int. Dec. 3107 at 11.). Even if Li could substantiate his argument that his opposition to the PRC's family planning policy constituted a "political opinion," for which he was persecuted or has a well-founded fear of future persecution, he would still be required to prove that the government's actions against him were taken for a reason other than to enforce the population control policy.
 
 
 12
 The evidence presented by Li does not warrant judicial reversal of the Board's factual findings or its ultimate conclusion. Li failed to prove persecution based on his political opinion, and has therefore failed to establish that he was eligible for asylum. We therefore uphold the Board's denial of asylum and affirm the district court's denial of Li's petition for a writ of habeas corpus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 13
 AFFIRMED.