UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

LI ZHI GUAN,
Petitioner-Appellant,

v.

WILLIAM J. CARROLL, in his official
capacity as the District Director of
the United States Immigration and
Naturalization Service, Washington

District; ANTHONY MOSCATO,
Director of the Executive Office of
Immigration Review; MARY
MAGUIRE DUNNE, Acting Chairman
of the Board of Immigration
Appeals,
Respondents-Appellees.

No. 94-1759

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-94-410)

Argued: December 4, 1995

Decided: January 23, 1996

Before HAMILTON, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

COUNSEL

ARGUED: Evan Anne O'Neill, STEPTOE & JOHNSON, Washing-
ton, D.C., for Appellant. David Michael McConnell, Office of Immi-

gration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees. **ON BRIEF:** Hank Hockeimer, STEPTOE & JOHNSON, Washington, D.C., for Appellant. Frank W. Hunger, Assistant Attorney General, Lauri Steven Filppu, Kristin A. Cabral, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In this immigration case, a Chinese national appeals the district court's denial of his petition for writ of habeas corpus and the decision of the Board of Immigration Appeals ("Board") to deny his claim for asylum and withholding of deportation. On July 7, 1995, we issued a per curiam opinion upholding the Board's denial of asylum and affirming the district court's denial of a petition for writ of habeas corpus. Petitioner moved for rehearing and we granted the motion. We now affirm.

I.

The Immigration and Naturalization Service ("INS") instituted exclusion proceedings against petitioner, Li Zhi Guan ("Li"), after he was caught attempting to enter the United States illegally in June 1993 aboard the Golden Venture, a cargo freighter that had run aground off the coast of New York. Li admitted to the charges of excludability but requested asylum and voluntary withholding of deportation, arguing that his opposition to China's forced sterilization policy constituted a political opinion for which he had suffered and continued to fear persecution.

2

The Immigration Judge found that Li was not credible and that his claim lacked merit in light of Matter of Chang , Interim Decision 3107 (BIA 1989). Matter of Chang held that China's "one couple-one child" family planning policy is not persecutive on its face even when forced sterilization is involved. The Board affirmed, concluding that Li had not met the eligibility standards for asylum. The district court agreed, denying Li's habeas petition. Both the Board and the district court also based their decisions on Matter of Chang.

In July of 1995, in an unpublished per curiam opinion, we reviewed de novo the Board's and district court's decisions and affirmed. Li Zhi Guan v. Carroll, 60 F.3d 823 (4th Cir. 1995) (unpublished opinion). Shortly after we issued our opinion, Li petitioned this court for rehearing, arguing that a bill overruling Matter of Chang had been passed in the United States House of Representatives and was under consideration in the United States Senate. We granted his petition for rehearing in recognition of the possible injustice in deporting Li back to the People's Republic of China if new and contrary legislation was imminent. However, in the absence of any new developments in the law and because we are unwilling to delay a final decision indefinitely in anticipation of Congressional action, we now uphold our earlier decision sustaining the application of Matter of Chang, supra, and Chen Zhou Chai v. Carroll, 48 F.3d 1331 (4th Cir. 1995), as dispositive of this appeal.*

II.

Li's principal argument is that it would be manifestly unjust to deport him to China if new legislation were enacted that recognized opposition to coercive family planning policies as a political opinion justifying eligibility for asylum. When we granted Li's motion for reconsideration, it appeared that such an amendment to the Immigration and Nationality Act was imminent. The United States House of Representatives had already passed a bill amending Section

_____

*We need not here conduct the unnecessary exercise of re-evaluating the merits of Li's case, as a close consideration of the factual and legal issues is set forth in our earlier decision. See Li Zhi Guan v. Carroll, 60 F.3d 823 (4th Cir. 1995) (unpublished opinion).

3

101(a)(42) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(42). That bill provided:

> [A] person who has been forced to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion, and a person who has a well founded fear that he or she will be forced to undergo such a procedure or subjected to persecution for such failure, refusal, or resistance shall be deemed to have a well founded fear of persecution on account of political opinion.

H.R. 1561, 104th Cong., 1st Sess. (1995).

A bill with virtually identical language began making its way through the United States Senate, see S. 908, 104th Cong., 1st Sess. (1995), and on August 1, 1995 was calendared for full consideration. To date, however, no action has been taken on the Senate bill. After we granted Li's petition for rehearing, the House and Senate began considering another amendment with language similar to that quoted above as part of a bill to curb illegal immigration. See H.R. 2202, 104th Cong., 1st Sess. (1995); S. 1394, 104th Cong., 1st Sess. (1995). This amendment has not yet been voted on by either congressional house.

Because none of the proposed legislation cited by Li has become law, we decline his invitation to consider that legislation in our decision. It is axiomatic that a court must apply the law in existence at the time it renders its decision. As the Supreme Court explained in Bradley v. Richmond School Board, "[t]he court must decide according to existing law, and if it be necessary to set aside a judgment, rightful when rendered, but which cannot be affirmed but in violation of law, the judgment must be set aside." 416 U.S. 696, 711 (1974) (citation omitted). The present case does not involve a situation where a judgment, initially correct, must be set aside because of an intervening change in the law. There has been no change in the law since our decision was issued in this case. Although the possibility remains that the law may change in favor of asylum-seekers who oppose coercive

4

family planning practices in their native countries, there has been no <u>actual</u> change as of yet and <u>Matter of Chang</u> remains controlling precedent.

Moreover, we reject Li's argument that a contrary result would work a manifest injustice in his case. We are well aware that as a general rule, "a change in the law is to be given effect in a pending case unless there is some indication to the contrary in the statute or its legislative history or unless some manifest injustice would result." <u>Farish v. Courion Indus., Inc.</u>, 754 F.2d 1111, 1120 (4th Cir. 1985). <u>See also Bradley</u>, 416 U.S. at 711. However, Li has provided no authority to suggest that the doctrine of manifest injustice has been or should be extended to cases where new legislation is merely pending. <u>See Gonzales v. Fairfax-Brewster Sch. Inc.</u>, 569 F.2d 1294, 1296 (4th Cir. 1978) (declining to apply new legislation or find manifest injustice when new legislation was not enacted until after final judgment was entered). As the government noted at oral argument, not only has the law affecting this case remained unchanged but there is no guarantee that the proposed legislation will be enacted in the near future, particularly when similar proposals have failed in the past.

Furthermore, even if new legislation had been enacted to aid asylum applicants claiming persecution based on their opposition to forced sterilization, it is not clear that such a statutory change would be applied retroactively to benefit Li. Statutory changes apply only prospectively absent clear intent by the legislature to the contrary. <u>See Rivers v. Roadway Express, Inc.</u>, ___ U.S. ___, 114 S.Ct. 1510, 1519 (1994) ("statutes operate only prospectively, while judicial decisions operate retrospectively") (citation omitted); <u>Bowen v. Georgetown Univ. Hosp.</u>, 488 U.S. 204, 208 (1988) ("congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result"). Although the language of the proposed legislation may undergo numerous changes prior to enactment, currently there is no indication that Congress intends for it to be applied retroactively to petitioners like Li whose case has already been heard before four separate tribunals--each coming to the conclusion that he does not meet the statutory definition of refugee under the Immigration and Nationality Act.

Finally, assuming <u>arguendo</u> that the statutory standard for asylum eligibility had changed and that it were applicable to Li, he would

5

have to overcome the factual determination of the immigration judge that his fear of persecution was neither credible nor country-wide. The Board, the district court, and this court have each deferred to the immigration judge's factual findings, as we must, absent a showing by petitioner that the evidence not only supports a contrary conclusion, but indeed compels it. See INS v. Elias-Zacarias, 502 U.S. 478, 481 & n.1 (1992); Huaman-Cornelio v. BIA, 979 F.2d 995, 999 (4th Cir. 1992). No such showing has been made in this case.

For the reasons stated herein, we affirm the Board's denial of asylum and withholding of deportation and the district court's denial of Li's petition for writ of habeas corpus.

AFFIRMED